**WAGNER ET AL. *vs.* HALL.**

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

There is no law requiring, and it is not necessary that a notarial protest should be signed by two witnesses. This instrument requires no other signature than that of the notary who protests.

This is an action against the defendant as acceptor of a bill of exchange. He pleaded want of names and surnames of plantiffs, and some other matters which were overruled.

In answer to the merits, the defendant pleaded the general issue.

On the trial, a bill of exception was taken by the defendant's counsel to the admission of the protest in evidence, for want of the attestation of two witnesses in addition to the signature of the notary. The protest was admitted, and judgment given for the plaintiffs, from which the defendant appealed.

*M'Henry*, for the plaintiffs.

*Grivot*, contra.

*Morphy, J.*, delivered the opinion of the court.

This case has been submitted on a bill of exceptions, which presents the only point made by the appellant: he objected below to the introduction of a protest offered in evidence by plaintiffs, on the ground that it appeared on its face to be neither the original nor the copy of an act, not being signed by two witnesses, nor certified by the notary to be a copy. The counsel has not referred us to, nor are we acquainted with any law requiring a notary to be attended by witnesses when he makes a demand or protest, or rendering the signatures of witnesses to such an instrument necessary. The statute of 1821, concerning bills of exchange, promissory notes, &c., requires two witnesses to attest the entry made by

WAGNER ET AL.
vs.
HALL.

There is no law requiring, and it is not necessary that a notarial protest should be signed by two witnesses. This instrument requires no other signature than that of the notary who protests.

the notary in his book, as to the manner in which notices to drawers and endorsers have been served or forwarded. This relates exclusively to the new mode of proof then intended to be created for the delivery of notices, but has nothing to do with the protest itself. The form of this instrument, which is the same almost every where, requires no other signature than that of the notary or other officer who protests. In fact, it is difficult to imagine any good reason why witnesses should affix their names to it, when they can have no personal knowledge of what it declares or contains. The protest drawn up by a notary, is not an authentic act within the meaning of *article 2231*, of the *Louisiana Code*. The authentic act which is there spoken of, is that which is received by the notary and signed by the parties themselves in presence of two witnesses and the notary. A protest is the official attestation of a notary, that he has demanded payment of a note at the request of the holder, and has received the answer set forth in the instrument, and this notarial declaration or protest receives credit, and makes proof in distant courts and places, by the law and usage of merchants.

The plaintiffs have prayed for damages for the frivolous appeal, we would have allowed them, without noticing this point at all, had we not understood that this idea of the necessity of two subscribing witnesses to a protest has prevailed to a certain extent among the notaries and inferior courts, this may have induced the defendant to appeal.

It is, therefore, ordered, that the judgment of the Commercial Court be affirmed, with costs.